IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 SEP -8  P 4: 33

| | |
|---|---|
| THOMAS G. O'NEAL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 2:06 cv 811-WKW |
| SHEILA DEVERAGE, | ) |
| Defendant. | ) |

## UNITED STATES' MOTION TO DISMISS

COMES NOW Defendant the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Ruled 12 (b)(1) of the Federal Rules of Civil Procedure, moves this Court to dismiss Plaintiff's claims for lack of subject-matter jurisdiction. In support of this motion, the United States advances the following grounds:

1. Plaintiff, Thomas G. O'Neal, brings a claim for money damages against Defendant Sheila Deveridge[1] arising from his removal as representative payee for the Supplemental Security Income (SSI) benefits of Trasite Jackson.[2] *See* Complaint.

2. Shelia Deveridge is a Claims Representative with the Social Security Administration (SSA) in the Montgomery Field Office. Plaintiff O'Neal was designated

---

[1] Plaintiff misspells Defendant Deveridge's name in the complaint as "Deverage."

[2] Social Security designates a representative payee when a disabled person is unable to manage her own benefits.

as representative payee for the Supplemental Security Income (SSI) benefits of Trasite Jackson. At Ms. Jackson's request, SSA removed Plaintiff as representative payee and designated another person to act in this role. Subsequently, Ms. Jackson requested that Plaintiff be restored as representative payee, and SSA honored this request. Defendant Deveridge processed the paperwork to change Ms. Jackson's representative payee.

3. The United States Attorney has certified that Defendant Deveridge was acting within the scope of her federal office or employment at the time of the incident giving rise to Plaintiff's claims. *See* Scope-of-Employment Certification, Exhibit 2 to Notice of Removal and Substitution filed herewith. The Attorney General's scope-of-employment certification has the effect of removing this action from State court and substituting the United States as party defendant. 28 U.S.C. 2679 (d)(2). *See also, Matsushita Electric Company v. Zeigler*, 158 F.3d 1167, 1168-71 (11th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999).

4. Pursuant to 28 U.S.C. § 2679 (d)(4), this action shall proceed as one against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671-2680, and this Court's subject-matter jurisdiction is circumscribed by the FTCA's jurisdictional limits and exceptions.

5. This Court lacks subject-matter jurisdiction because Plaintiff has not presented an administrative claim to the appropriate federal agency as required by 28 U.S.C. § 2675 (a). Before a tort suit against the United States may be commenced, an

administrative claim must first be presented to and denied by the appropriate federal agency. *Id.* The FTCA's administrative claim requirement is jurisdictional and must be strictly construed. *McNeil v. United States*, 508 U.S. 106, 111-113 (1993); *Suarez v. United States*, 22 F.3d 1064, 1065-66 (11th Cir. 1994). The administrative claim requirement cannot be waived. *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237 (11th Cir. 2002). The Supreme Court has made is absolutely clear that "[t]he FTCA bars claimants from brining suit in federal court until they have exhausted their administrative remedies." *McNeil,* 508 U.S. at 113.

6. The Westfall Act specifically contemplates that failure to comply with the FTCA's administrative claim requirement mandates dismissal. 28 U.S.C. § 2679 (d)(5).

7. Plaintiff has not filed an administrative claim with the Social Security Administration. Accordingly, this Court lacks subject-matter jurisdiction.

**WHEREFORE**, this action should be dismissed in its entirety for lack of subject-matter jurisdiction.

Respectfully submitted this 8th day of September, 2006.

        LEURA G. CANARY
        United States Attorney

By: /s/ Stephen M. Doyle
    STEPHEN M. DOYLE
    Chief, Civil Division
    Assistant United States Attorney
    Attorney for Defendant
    Post Office Box 197
    Montgomery, AL  36101-0197
    District of Columbia Bar No. 422474
    Telephone No.: (334) 223-7280
    Facsimile No.: (334) 223-7418
    **E-mail: stephen.doyle@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing United States' Motion to Dismiss upon *pro se* Plaintiff by mailing a copy of same, first class, postage prepaid, addressed as follows:

    Thomas G. O'Neal
    4331 County Road 6600
    Troy, AL 36081

Dated this 8th day of September, 2006.

        /s/ Stephen M. Doyle
        Assistant United States Attorney