IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS G. O'NEAL,

    PLAINTIFF,

V.   CIVIL ACTION NO.2:06cv811-wkw

UNITED STATES OF AMERICA,

    DEFENDANT.

RECEIVED
2006 SEP 26 A 9:15

## PLAINTIFF'S MOTION TO DISMISS

   **COMES NOW**, THE PLAINTIFF OF THE ABOVE STYLED CAUSE, BY AND THROUGH HIM-SELF, BEING OF GOOD CONSCIENCE, TO MOVE THIS HONORABLE, FAIR AND IMPARTIAL COURT TO GRANT **PLAINTIFF'S MOTION TO DISMISS** SO AS THE PLAINTIFF MAY, WITH DUE DILIGENCE, PURSUE THE ADMINISTRATION OF JUSTICE AND DUE PROCESS OF LAW AT A LATER DATE. GOOD CAUSE, WITH MERIT AND DIGNITY IS HEREBY SUBMITTED AS FOLLOWS:

   1. THE UNITED STATES OF AMERICA DID FILE A MOTION ENTITLED **UNITED STATES' MOTION TO DISMISS**, ON, AT, AROUND OR ABOUT THE 8TH. DAY OF SEPTEMBER IN THE YEAR OF TWO THOUSAND AND SIX. SEE PLAINTIFF'S EXHIBIT #1 ENCLOSED.

   2. IF THE COURT WILL NOTICE IN PARAGRAPH 5., OF THE GOVERNMENT'S MOTION THE GOVERNMENT STATES SOMETHING TO THE EFFECT OF : BEFORE A TORT SUIT AGAINST THE UNITED STATES MAY BE COMMENCED, AN ADMINISTRATIVE CLAIM MUST FIRST BE PRESENTED TO AND DENIED BY THE APPROPRIATE FEDERAL AGENCY. SAME MUST BE STRICTLY CONSTRUED.

   3. FURTHERMORE, PARAGRAPH 5 STATES: THE SUPREME COURT HAS MADE IT ABSO-LUTELY CLEAR THAT "[t]HE FTCA BARS CLAIMANTS FROM [1],BRINING SUIT IN FEDERAL

*******************************************************************
[1],US. ATTORNEY HAS MISSPELLED BRINGING, SHOULD BE BRINGING:MAKE NOTE OF THIS SO AS TO REMEDY. THANK YOU....................

COURT UNTIL THEY HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES.

4. THE PLAINTIFF DOES NOT DISAGREE WITH THE GOVERNMENTS CONTENTION AND AT THIS TIME IS ENGAGING IN THE PROCESS OF ADMINISTRATIVE REMEDIES WITH THE DEFENDANT, I.E., THE SOCIAL SECURITY ADMINISTRATION. UPON FAILURE OF THE SOCIAL SECURITY ADMINISTRATION TO PAY $603.00 TO THE PLAINTIFF, THE PROCESS OF " CIVIL ACTION" WILL COMMENCE AT A LATER DATE.

5. THEREFORE, THE PLAINTIFF, AT THIS TIME, REQUEST THIS COURT TO DISMISS THIS ACTION, **WITHOUT PREJUDICE**, SO AS THE PLAINTIFF WILL HAVE LEAVE, AT A FUTURE DATE TO PURSUE JUSTICE AND EQUALITY UNDER LAW, YES, EVEN FOR THE IGNORANT, UNPOPULAR AND INDIGENT.

6. LET THIS FAIR AND IMPARTIAL COURT AND THE U.S. ATTORNEY KNOW THAT AT A LATER DATE, THE PLAINTIFF PLANS, WITH A PASSION, TO REFILE THIS ACTION AS SOON AS ALL REQUIREMENTS ARE MET IN REGARDS TO PRE-SUIT REQUIREMENTS.

RESPECTFULLY SUBMITTED, THIS THE 25TH. DAY OF SEPTEMBER 2006..............

THOMAS G. O'NEAL

*Thomas G. O'Neal*
PLAINTIFF7 PRO SE
4381 C.R. 6600
TROY, AL. 36081

## CERTIFICATE OF SERVICE

I, BEING THOMAS G. O'NEAL, RESIDING AT 4381 COUNTY ROAD 6600, TROY, ALABAMA, 36081, HEREBY STATE AND FORTHWITH PROCLAIM THAT I HAVE MAILED A TRUE COPY OF THIS AFFIXED OR PACKAGED MOTION, LETTER, DOCUMENT OR OTHER, FIRST CLASS, PROPERLY ADDRESSED AND POSTAGE PREPAID, BY WAY OF THE UNITED STATES POSTAL SERVICE TO THE PERSON OR PERSONS DESCRIBED BELOW:

MR. STEPHEN M. DOYLE
ASSISTANT UNITED STATES ATTORNEY
POST OFFICE BOX 197
MONTGOMERY, ALABAMA 36101-0197

****************************************************************

THOMAS G. O'NEAL
*Thomas B. O'Neal*
PLAINTIFF/PRO SE
4381 COUNTY ROAD 6600
TROY, ALABAMA 36081

THIS BEING THE 25TH DAY OF September
IN THE YEAR OF OUR LORD 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS G. O'NEAL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: _____ |
| SHEILA DEVERAGE, | ) ) ) |
| Defendant. | ) |

## UNITED STATES' MOTION TO DISMISS

COMES NOW Defendant the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Ruled 12 (b)(1) of the Federal Rules of Civil Procedure, moves this Court to dismiss Plaintiff's claims for lack of subject-matter jurisdiction. In support of this motion, the United States advances the following grounds:

1. Plaintiff, Thomas G. O'Neal, brings a claim for money damages against Defendant Sheila Deveridge[1] arising from his removal as representative payee for the Supplemental Security Income (SSI) benefits of Trasite Jackson.[2] *See* Complaint.

2. Shelia Deveridge is a Claims Representative with the Social Security Administration (SSA) in the Montgomery Field Office. Plaintiff O'Neal was designated

---

[1] Plaintiff misspells Defendant Deveridge's name in the complaint as "Deverage."

[2] Social Security designates a representative payee when a disabled person is unable to manage her own benefits.



as representative payee for the Supplemental Security Income (SSI) benefits of Trasite Jackson. At Ms. Jackson's request, SSA removed Plaintiff as representative payee and designated another person to act in this role. Subsequently, Ms. Jackson requested that Plaintiff be restored as representative payee, and SSA honored this request. Defendant Deveridge processed the paperwork to change Ms. Jackson's representative payee.

3. The United States Attorney has certified that Defendant Deveridge was acting within the scope of her federal office or employment at the time of the incident giving rise to Plaintiff's claims. *See* Scope-of-Employment Certification, Exhibit 2 to Notice of Removal and Substitution filed herewith. The Attorney General's scope-of-employment certification has the effect of removing this action from State court and substituting the United States as party defendant. 28 U.S.C. 2679 (d)(2). *See also, Matsushita Electric Company v. Zeigler*, 158 F.3d 1167, 1168-71 (11th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999).

4. Pursuant to 28 U.S.C. § 2679 (d)(4), this action shall proceed as one against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671-2680, and this Court's subject-matter jurisdiction is circumscribed by the FTCA's jurisdictional limits and exceptions.

5. This Court lacks subject-matter jurisdiction because Plaintiff has not presented an administrative claim to the appropriate federal agency as required by 28 U.S.C. § 2675 (a). Before a tort suit against the United States may be commenced, an

administrative claim must first be presented to and denied by the appropriate federal agency. *Id.* The FTCA's administrative claim requirement is jurisdictional and must be strictly construed. *McNeil v. United States*, 508 U.S. 106, 111-113 (1993); *Suarez v. United States*, 22 F.3d 1064, 1065-66 (11th Cir. 1994). The administrative claim requirement cannot be waived. *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237 (11th Cir. 2002). The Supreme Court has made is absolutely clear that "[t]he FTCA bars claimants from brining suit in federal court until they have exhausted their administrative remedies." *McNeil*, 508 U.S. at 113.

6. The Westfall Act specifically contemplates that failure to comply with the FTCA's administrative claim requirement mandates dismissal. 28 U.S.C. § 2679 (d)(5).

7. Plaintiff has not filed an administrative claim with the Social Security Administration. Accordingly, this Court lacks subject-matter jurisdiction.

**WHEREFORE**, this action should be dismissed in its entirety for lack of subject-matter jurisdiction.

Respectfully submitted this 8th day of September, 2006.

>LEURA G. CANARY
>United States Attorney
>
>By: /s/ Stephen M. Doyle
>STEPHEN M. DOYLE
>Chief, Civil Division
>Assistant United States Attorney
>Attorney for Defendant
>Post Office Box 197
>Montgomery, AL 36101-0197
>District of Columbia Bar No. 422474
>Telephone No.: (334) 223-7280
>Facsimile No.: (334) 223-7418
>E-mail: stephen.doyle@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing United States' Motion to Dismiss upon *pro se* Plaintiff by mailing a copy of same, first class, postage prepaid, addressed as follows:

>Thomas G. O'Neal
>4331 County Road 6600
>Troy, AL 36081

Dated this 8th day of September, 2006.

/s/ Stephen M. Doyle
Assistant United States Attorney